UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00170-KDB

| BRADY LEON SPICER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| WILKES COUNTY NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 1], and Plaintiff's pending motions, [Docs. 6, 7, 10]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

**I. BACKGROUND**

Pro se Plaintiff Brady Leon Spicer ("Plaintiff") is a pretrial detainee currently detained at the Wilkes County Jail in Wilkesboro, North Carolina. He filed this action on October 24, 2023, pursuant to 42 U.S.C. § 1983,[1] against Wilkes County, North Carolina; Chris Shew, Wilkes County Sheriff; Major Jason Whitley; Captain Shelby Wyatt; and Wilkes County Clerk of Court Regina Billings. [Doc. 1]. Plaintiff sues Defendants in their individual and official capacities. [Id. at 2-3]. Plaintiff alleges that, from February 3, 2023 to the filing of his Complaint, Plaintiff has been held "hostage" at the Wilkes County Jail by the Wilkes County Sheriff's Office. [Id. at 4]. Plaintiff

---

[1] Plaintiff also purports to bring this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [See Doc. 1 at 3]. A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens, 403 U.S. at 395-97. Plaintiff names no federal actors as Defendants in this matter. As such, Bivens plainly does not apply, and the Court will not be address it further.

attached to his Complaint numerous documents, the majority of which are wholly irrelevant here. [See Doc. 1-1]. From these documents, however, it does appear that Plaintiff was charged in the District Court of Wilkes County, North Carolina, with possession of a firearm by a felon on February 3, 2023. [Id. at 9-10]

Plaintiff claims violation of his rights under the First, Second, Fifth, Thirteenth, and Fourteenth Amendments. [Id. at 3]. Plaintiff claims "mental" injuries and seeks "dismissal" – presumably of his pending state charge – and "1 million A Day or more than $25,000" in damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff appears to allege that he is being wrongfully detained at the Wilkes County Jail. To the extent Plaintiff may have a claim related to his current detention, it arises out of events that relate to ongoing state criminal proceedings. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains detained, and the state court proceeding is ongoing, the Court must abstain from interfering.

The Court, therefore, will dismiss Plaintiff's Complaint without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to show why his Complaint is not precluded under Younger and otherwise stating a claim upon which relief may be granted, if the facts support such amendment.

## IV. PLAINTIFF'S PENDING MOTIONS

Plaintiff has filed several motions in this matter, all of which are improper. First, Plaintiff moves the Court to order the Wilkes County Jail to "send copies of grievances that have been filed

on the computer," presumably by Plaintiff. [Doc. 6]. If Plaintiff's Amended Complaint passes initial review, then Plaintiff may conduct discovery in accordance with the Order of Instructions [Doc. 3] in this case and the applicable rules. The Court does not conduct discovery for the parties. This motion will be denied.

Next, Plaintiff moves to change the venue of this action because he "[has] been assaulted and abused for 9 mths now." [Doc. 7]. In this motion, Plaintiff also asks the Court "to get video footage for 9-12-23 also 4-22-23." [Id.]. Again, the Court does not conduct discovery for the parties; the parties are responsible for their own discovery. Moreover, should Plaintiff's Amended Complaint pass initial review, then Plaintiff may file a properly supported motion to change venue. Plaintiff's motion to change venue will be denied.

Finally, Plaintiff moves to "consolidate" this action with two actions filed in this Court by a now deceased Plaintiff "[t]o make this a Class Action Law Suit against Wilkes County Judicial Officials." [Doc. 10]. This motion is without any legal basis and will be denied.[2]

Before Plaintiff files any further motions with the Court, he is strongly admonished to carefully review the Order of Instructions [Doc. 3] in this case, the Federal Rules of Civil Procedure, and the Local Rules of this Court. Should Plaintiff persist in filing improper or frivolous motions, they may be summarily denied.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review for Plaintiff's failure to state a claim for relief. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all

---

[2] The Court notes that one of these two actions has been dismissed in any event. [See Case No. 5:23-cv-00176-MR, Doc. 5].

4

timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motions [Docs. 6, 7, 10] are **DENIED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner Section 1983 form.

**IT IS SO ORDERED**.

Signed: December 8, 2023

Kenneth D. Bell
United States District Judge