UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00170-KDB

| | |
|---|---|
| BRADY LEON SPICER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)     **ORDER**<br>)<br>WILKES COUNTY NORTH )<br>CAROLINA, et al., )<br>)<br>Defendants. )<br>_____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 13].

I.    **BACKGROUND**

Pro se Plaintiff Brady Leon Spicer ("Plaintiff") is a pretrial detainee currently detained at the Wilkes County Jail in Wilkesboro, North Carolina. He filed this action on October 24, 2023, pursuant to 42 U.S.C. § 1983, against Wilkes County, North Carolina; Chris Shew, Wilkes County Sheriff; Major Jason Whitley; Captain Shelby Wyatt; and Wilkes County Clerk of Court Regina Billings. [Doc. 1]. Plaintiff sued Defendants in their individual and official capacities. [Id. at 2-3]. Plaintiff alleged that, from February 3, 2023 to the filing of his Complaint, he had been held "hostage" at the Wilkes County Jail by the Wilkes County Sheriff's Office. [Id. at 4]. Plaintiff attached to his Complaint numerous documents, the majority of which were wholly irrelevant, but which did show that Plaintiff was charged in the District Court of Wilkes County, North Carolina, with possession of a firearm by a felon on February 3, 2023. [See Doc. 1-1; id. at 9-10]. Plaintiff claimed violation of his rights under the First, Second, Fifth, Thirteenth, and Fourteenth

Amendments. [Id. at 3].

On initial review, the Court found that Plaintiff failed to state a claim upon which relief may be granted. [Doc. 10]. The Court noted that Plaintiff's claims, which related to his alleged wrongful detention, appeared to be precluded by Younger. [Id. at 3]. The Court allowed Plaintiff 30 days to amend his Complaint to properly state a claim for relief that is not precluded by Younger. [Id. at 3, 5].

Now before the Court is Plaintiff's Amended Complaint. [Doc. 13]. In his Amended Complaint, which Plaintiff purports to bring on behalf of himself and 12 other detainees, Plaintiff names 13 Defendants, including the Wilkes County Sheriff, various Wilkes County Sheriff's Office employees, parole and probation officers, two District Attorneys, and two Jail doctors, whom Plaintiff purports to sue in their individual and official capacities.[1] [Id. at 1-3, 12, 14-15]. Plaintiff alleges that his claims arose on February 3, 2023. [Id. at 5]. Plaintiff's allegations are so meandering and nonsensical to be unamenable to summary here. [See id. at 12-13, 16, 18, 20-21]. It seems, however, that Plaintiff's primary complaints relate to various disciplinary incidents resulting in Plaintiff's lock down without privileges and that he is unable to properly groom himself. [See id. at 12; see Doc. 12 at 4].

Plaintiff purports to proceed under both 42 U.S.C. § 1983 and Bivens.[2] [Id. at 3]. He claims "conspire," "Racketeering," "Federal Due of Process, "Right to access courts," "Torture claim," and "Code of Judicial Conduct." [Id. at 4]. For injuries, Plaintiff claims "mental medical

---

[1] Plaintiff also purports to name seven (7) other Defendants in an Addendum he submitted separately from his Amended Complaint. [See Doc. 12 at 1]. These Defendants include five (5) Judges, the Wilkes County Clerk of Court, and an individual Plaintiff identifies as being on "pretrial release." [Id.]. Plaintiffs Addendum includes 32 pages of miscellaneous documents which the Court considers here as part of Plaintiff's Amended Complaint for the purpose of this initial review. [See id. at 3-34].

[2] As Plaintiff was advised on initial review of his original Complaint, Bivens plainly does not apply and the Court declines to address it further. [See Doc. 11 at n.1].

2

dental." [Id. at 5]. He seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff's Amended Complaint fails initial review for several reasons.

Plaintiff's Amended Complaint is so nonsensical, meandering, and disjointed that it fails

to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, it is not the Court's duty to mine a complaint (or its attachments) for facts to make out a claim, which is apparently what the Plaintiff expects the Court to do here. As such, Plaintiff's Amended Complaint fails initial review.

Plaintiff also purports to bring this action on behalf of himself and 12 other Plaintiffs. Many district courts in this Circuit have prohibited multiple prisoners from joining together as plaintiffs in a single § 1983 action, primarily because of the filing fee requirement found in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1).[3] See Davis v. Aldridge, No. 3:20-cv-00592, 2020 WL 5502306, at *1 (S.D. W.Va. Sept. 11, 2020) (collecting cases). Recently, however, the Fourth Circuit held multiple pro se prisoner plaintiffs who had paid the filing fee and all signed the complaint may proceed in a single action. Ellis v. Werfel, 86 F.4th 1032 (4th Cir. Nov. 15, 2023). Nonetheless, a pro se inmate may not represent other inmates in a class action, Fowler v. Lee, 18 Fed. App'x 164, 165 (4th Cir. 2001), and may not sign pleadings on their behalf, Davis, 2020 WL 5502306, at *1 (citation omitted). Here, Plaintiff is proceeding in forma pauperis and it does not appear that any of the purported other Plaintiff's signed the Complaint.

Finally, a plaintiff may not assert unrelated claims against unrelated defendants in a single

---

[3] "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1).

action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Here, Plaintiff appears to bring multiple unrelated claims against unrelated defendants. These may not be litigated in the same action.

As such, Plaintiff has failed to state any claim for relief in his Amended Complaint. The Court will dismiss this action with prejudice. The Court need not allow another round of amendment where Plaintiff has now twice woefully failed to state a claim for relief and such amendment would, therefore, be futile. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 13] is **DISMISSED WITH PREJUDICE** in accordance with the terms of this Order.

The Clerk is instructed to terminate this action.

5

**IT IS SO ORDERED.**

Signed: January 11, 2024

*[signature]*

Kenneth D. Bell
United States District Judge